## Seko v. Hub Knitting Co. et al., Appellants.

Argued October 1, 1940.

Before KELLER, P. J., CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

R. P. F. *Maxwell*, with him *George F. Blewett*, for appellant.

*F. Raymond Heuges*, for appellee.

OPINION BY CUNNINGHAM, J., November 13, 1940:

The appeal in this workmen's compensation case is by the defendant-employer and its insurance carrier from a judgment entered by the court below reinstating, as of April 4, 1935, an award of compensation to the claimant for total disability, and directing that payments thereunder to the legally qualified guardian of claimant be resumed and continued within the limitations of the statute.

On the morning of May 26, 1932, the claimant, Agnes Seko, while working in the defendant's knitting mill located in Philadelphia, was accidentally injured when a needle in a knitting machine penetrated her right index finger. She testified she fainted and "didn't know nothing only when they brought [her] near the window." Claimant attempted to work on the following day until about ten o'clock but has not worked since, and is now an inmate of Byberry Hospital.

On September 27, 1932, claimant filed her petition for compensation for total disability, which appellants answered with a denial of liability. The case was so

proceeded with that, after a number of hearings before referees followed by appeals to the board and remissions of the record to the referees, an award was finally entered by a referee on April 4, 1935, awarding claimant compensation for total disability from June 4, 1932 to March 7, 1935, (91-4/7 weeks), at the rate of $12.35 per week. One of the findings of fact of the referee was that claimant's disability "had been continuous since the happening of the accident until March 7, 1935, at which time said disability ceased and the claimant was able to return to work."

No appeal was taken by either party from this award. It therefore became a final adjudication that there was a causal connection between claimant's accidental injury and her total disability, which immediately followed the accident but had, at least temporarily, ceased by March 7, 1935. The amount of the award was paid and, in the absence of a recurrence of disability, within the intendment and limitations of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §1, et seq., that would have been the end of the matter.

The action of the court below from which this appeal was taken resulted from the filing by claimant on June 15, 1935, within one year after the date of the last payment of compensation under the award of April 4, 1935, of a petition for the reinstatement, under the provisions of the second paragraph of Sec. 413, as amended April 13, 1927, P. L. 186, 77 PS §772, of that award.

The ground upon which reinstatement was sought was thus stated in the petition: "And as ground for this petition I allege that subsequent to the said March 7, 1935, my disability recurred in the following manner and to the following extent: I became totally disabled from the effects of the injury and was confined to a hospital for a time and am now under the care of a neurologist."

After a hearing before a referee the petition was dismissed on November 8, 1935, and this action of the referee was affirmed by the board on June 3, 1936.

Claimant did not appeal to the common pleas, but on January 12, 1937, within one year after the board had sustained the action of the referee in refusing to reinstate the award, filed her petition with the board, under Sec. 426, amended April 13, 1927, P. L. 186, 77 PS §871, for a rehearing.

Among other reasons assigned for a rehearing was her desire for an opportunity to present the testimony of physicians who had treated her since the last hearing and whose affidavits were attached to the petition. On March 19, 1937, the board granted a rehearing and referred the case to the referee who had dismissed the petition for reinstatement on November 8, 1935.

After two hearings, the referee again dismissed claimant's petition for reinstatement of the award and she appealed to the board on September 20, 1937. For some reason, not disclosed by the record, her appeal was not disposed of by the board during the terms of office of its then members.

After argument before the board as now constituted, that tribunal in an opinion by Chairman Murphy, filed March 8, 1940, struck out the findings of fact and conclusions of law of the referee and in lieu thereof substituted the following:

"Findings of Fact.

"1. From a preponderance of the testimony, the board is of the opinion and finds as a fact that the claimant from April 4, 1935 to the date of the hearing before the referee was totally disabled as the result of a mental condition known as dementia praecox and that this condition caused the claimant's total disability from April 4, 1935 until the date of the hearing before the referee and which total disability is

likely to continue for an indefinite future period of time.

"2. The mental condition diagnosed as dementia praecox causing claimant's present disability is the same condition originally diagnosed as post traumatic neurosis which was a stage in the development of this condition.

"3. From all the evidence the board is of the opinion and finds as a fact that the accident of May 26, 1932 caused severe mental shock to the claimant which precipitated the development of claimant's neurosis and which developed into the mental condition of dementia praecox.

"Conclusions of Law.

"1. From the facts above recited, the board is of the opinion and concludes as a matter of law that since the present disability of the claimant results from the accident sustained during the course of her employment with the defendant on May 26, 1932, the petition for reinstatement should be granted.

"2. The claimant by failure to appeal from the order of Referee Casey entered April 4, 1935, barred herself from claiming compensation for the period of time from March 7, 1935 to April 4, 1935."

The effect of these findings is that there was a recurrence of claimant's disability by April 4, 1935. From this action by the board, the employer and carrier appealed to the court below; their appeal was dismissed and judgment entered upon the award; the present appeal to us followed.

The board is a continuing administrative tribunal, regardless of changes in its personnel. Both the granting of a rehearing by the board, as constituted on March 19, 1937, and the setting aside of the findings of fact and conclusions of law of the referee and the substitution by the board, as comprised on March 8, 1940, of its own findings and conclusions were clearly within the

power and jurisdiction of the board. See *Newancavitch v. Pittsburgh Terminal Coal Corporation,* 131 Pa. Superior Ct. 391, 394, 200 A. 137, and *Leeper v. Logan Iron and Steel Co. et al.,* 131 Pa. Superior Ct. 172, 175, 198 A. 489.

The total disability of claimant (by reason of dementia praecox) at the time of the hearings before the referee which followed the filing of claimant's petition for reinstatement was not questioned by appellants; their contention was that it was due to a mental condition entirely unrelated to her accidental injury.

The only question of law here involved is whether the record contains substantial competent evidence sustaining the findings of the board upon the issue of fact, affirmed by claimant and denied by appellants, that a causal connection existed between claimant's injury and the disability found by the board to have recurred in April, 1935.

Our examination of the testimony, and particularly that of Dr. N. W. Winkelman, has satisfied us there is such evidence upon this record. The testimony in behalf of claimant is accurately and adequately summarized in the able opinion of ALESSANDRONI, J., supporting the judgment appealed from; we adopt these excerpts from that opinion:

"At the hearings, the testimony of various physicians was offered as well as that of numerous persons who had known the claimant as a healthy, normal girl of 16 prior to her accident, and who testified that she had been normal and healthy since the years of her childhood. By [that] time what had apparently been a comparatively mild neurosis had developed into dementia praecox and resulted in the claimant's confinement in the hospital for mental diseases at Byberry. [Dr. Winkelman] testifying on behalf of the claimant stated that he had seen many cases of a similar deterioration. ......

"The determination of this matter was predicated primarily upon the testimony of expert witnesses, and many of the opinions of the neurologists who appeared were irreconcilable. The confusion might be traced to the fact that a minor injury produced a major result. It was finally determined in the award of April 4th, 1935, that the accident did cause a disability which was evidenced by hysteria and neurosis. The hindsight approach now discloses that this hysteria was an early symptom of the claimant's present condition, if the testimony of the experts on her behalf is accepted. The defendant's responsibility for the disability resulting from the early symptoms is res adjudicata. The expert testimony clearly established that the present dementia praecox was but the final stage. There was sufficient evidence to establish that the disease was continuous, even though the disability resulting therefrom might have been intermittent."

The numerous exceptions taken by appellants to the action of the board were all considered and properly disposed of by the court below.

Judgment affirmed.