## Selinsky, Appellant *v.* New Shawmut Mining Company.

Argued March 24, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*George Jerko,* with him *Carl A. Belin,* for appellant.

*Joseph J. Lee,* with him *Frank G. Smith, Robert V. Maine, Frank A. Whitsett* and *Smith, Maine, Whitsett & Lee,* for appellee.

Opinion by Hirt, J., July 21, 1955:

In June 1952 the claimant Andrew Selinsky sustained an injury from accident in the course of his employment with the defendant, in Clearfield County, Pennsylvania. Under an open agreement entered into by him with his employer he received compensation for total disability at the rate of $30 per week to September 9, 1952. Thereafter on petition of the defendant's insurance carrier the agreement was terminated by order of the referee as of November 10, 1952. Claimant did not appear at the hearing on the petition either in person or by counsel and no appeal was taken from the order. Within one year after receiving the last payment of compensation claimant wrote the board averring that he was entitled to further compensation under the first paragraph of §413 of the Workmen's Compensation Law. That paragraph, last amended by the Act of September 29, 1951, P. L. 1576, 77 PS §771, applies only to existing agreements. It had no application here for the reason that the compensation agreement between claimant and the defendant employer had been terminated by final order of the referee and therefore had ceased to exist. *Hill v. Booth & Flinn Co.,* 146 Pa. Superior Ct. 575, 23 A. 2d 85. Claimant's remedy if he suffered a recurrence of disability was not by Petition for Review under the first paragraph of §413, but by petition to reinstate the agreement, with such modification as may be necessary, under the second paragraph of that section of the Act. 77 PS §772. *Leeper v. Logan I. & Steel Co. et al.,* 131 Pa. Superior Ct. 172, 198 A. 489. Strictness of pleading however in Workmen's Compensation cases is not to be required. If claimant is entitled to relief under any section of the statute his petition will be considered as filed under that section. *Hill v. Booth & Flinn Co.,* supra. Cf. *Busi v. A. & S. Wilson Co. et al.,*

110 Pa. Superior Ct. 95, 167 A. 655; *Harrison v. Alden Park Manor Apts. et al.*, 160 Pa. Superior Ct. 388, 51 A. 2d 418. The defendant's answer filed on November 23, 1953 denied further liability for compensation and averred that claimant was able to return to work on November 10, 1952 without further disability or loss of earning power.

Hearing was scheduled on the petition and answer for February 18, 1954 at the Court House in Ridgway, Pennsylvania; in the meantime claimant had moved to Long Beach, California. The claimant in his absence was represented at the hearing before referee Jesse G. Smith, to whom the petition had been assigned, by J. W. Stephenson, District Representative of the U.M.W. of A., who appeared for him at the request of Everet E. Damler, claimant's California counsel. Through Stephenson, claimant requested that the proceeding be referred to the Industrial Accident Commission of California for the purpose of taking his testimony and that of his medical witnesses. To give claimant an additional opportunity to be heard, the referee on notice to him, scheduled an adjourned hearing for April 7, 1954.

The board had instructed the referee to proceed "in the regular manner in the hearing and disposition of the petition." Accordingly, in default of the appearance of the claimant at the hearings, his petition was dismissed. The board, consistent with instructions previously given the referee, affirmed the order stating: "In his appeal, claimant contends that he was desirous of presenting his testimony and of his witnesses in the State of California and that the referee and the Board erred in refusing to grant this permission. The granting of the taking of testimony out of the Commonwealth of Pennsylvania is solely in the discretion of the Board and we see no error in this case

in our refusing to grant this permission. Moreover, the claimant, having filed a petition for the payment of additional compensation in the Commonwealth of Pennsylvania, was under the legal duty to be present in the Commonwealth of Pennsylvania to present his testimony in support of his petition. It was, therefore incumbent upon the claimant himself to be present at the time of hearing and he, therefore, cannot complain of the referee's order of dismissal which resulted from his failure to appear." On appeal the board was affirmed by the lower court.

The order is a final disposition of claimant's petition for additional compensation. Whether the application was refused in a proper exercise of discretion raises a question of law, appealable under the circumstances. The board and the lower court assumed, no doubt, that claimant is not entitled to relief under any provision of the Workmen's Compensation Act. There is no basis for the assumption in this record, and to compel this claimant to incur the expense of travel across the continent to assert a right which may be well founded, will result in a denial of justice, not sanctioned by our Compensation Law. Section 422 of the Act as last amended, June 21, 1939, P.L. 520, 77 PS §835, provides: "If any party or witness resides outside of the Commonwealth, or through illness or other cause is unable to testify before the board or a referee, his or her testimony or deposition may be taken, within or without this Commonwealth, in such manner and in such form as the board may, by special order or general rule, prescribe. . ." Rule 18 of the board, implementing the above provision of the Act, refers to the taking of testimony of witnesses residing in another State, and in part provides: "Depositions may, upon application of either party, by order of the Board or by a Referee, be taken before a Notary Public

or Commission—the expense incident thereto to be borne by the party making the application." In the present case the board need not adopt claimant's suggestion that the proceeding be referred to the Industrial Commission of California for the taking of testimony nor even that the testimony of claimant and his witnesses be taken in accordance with its Rule 18. Under the Act the board, "by special order", to meet the circumstances, may provide for the taking of testimony in support of claimant's petition on interrogatories or by deposition. And defendant of course will be entitled to have claimant examined by a doctor of its choosing in California upon terms to be specified by the board. The practice is not new. Referee Smith has stated in this record that "some [of his] California cases have been handled that way."

The majority of us are of the opinion that claimant, now residing in California, is entitled to have his rights adjudicated without appearing personally before the compensation authorities in Pennsylvania.

Order reversed. The matter is remanded for further proceedings consistent herewith.