## Grosjean *v.* Murrell et al., Appellants.

Argued April 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Dail E. Sloan,* with him *James J. Burns, Jr.,* for appellants.

*Sam R. Keller,* for appellee.

OPINION BY WOODSIDE, J., June 11, 1957:

This is an appeal from the order of the County Court of Allegheny County affirming an order of the Workmen's Compensation Board, directing compensation be paid the claimant on the basis of total disability instead of 75% partial disability, for which an award had previously been made.

The claimant incurred head and back injuries in a street-car accident in 1936. For these injuries he re-

ceived compensation on the basis of total disability for the maximum statutory period of 500 weeks ending October 30, 1944.

On December 4, 1947 he suffered injuries to his back, head and other parts of his body when he was thrown from a truck on to the highway, and knocked unconscious.

He filed a claim to recover workmen's compensation for these injuries. The defendant and his insurance carrier contended that the claimant's disability was partially attributable to the 1936 street-car accident. The Workmen's Compensation Referee found in the claimant's favor and awarded compensation on the basis of 75% partial disability. He found that the street-car accident in 1936 did not contribute to the disability which the claimant was then suffering. Upon appeal, the referee's findings and order were affirmed by the Workmen's Compensation Board, and its order was subsequently affirmed by the County Court of Allegheny County, from which no further appeal was taken.

On September 8, 1953, the claimant filed a petition seeking to change his disability from 75% partial to total. At the hearing on this petition the defendant and his insurance carrier again contended that the claimant's disability was caused, at least in part, by the 1936 accident. The referee awarded compensation for total disability. Upon appeal the board approved the award. This appeal is from the order of the County Court of Allegheny County affirming the board.

The court below accepted the contention of the claimant that the award on the basis of 75% disability was a final determination that the disability for which he claimed compensation was a result or consequence of that injury, and therefore this matter was res adjudicata. See *Huha v. Frick Coke Co.,* 149 Pa. Superior Ct. 108, 27 A. 2d 739 (1942).

The court's conclusion is correct as to the 75% disability, but the claimant is seeking additional compensation on the ground that his disability has increased. We do not consider the prior award to be determinative of the fact that any increased disability is the result of the 1947 accident. It would seem possible that the *increased* disability could be due to the 1936 accident. At least the defendant is entitled to his day in court to determine whether or not this increased disability is or is not the result of the accident which occurred while the claimant was his employee.

The board should determine whether the increased disability was the result or consequence of the 1947 injury, and should make a specific finding of fact thereon from the evidence which it has already received or which may be presented to it. The board should not consider the determination of this fact to be res adjudicata.

The order of the court below affirming the determination of total disability is set aside and the case remanded for further proceedings consistent with this opinion.