Guzik *v.* Laurel Ridge Construction Company (et al., Appellant).

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellant.

*Richard L. Jim,* for appellee.

Opinion by Wright, J., December 14, 1961:

This is a workmen's compensation case in which the Referee, affirmed by the Board, made an award for twenty per cent partial disability. Upon appeal to the Court of Common Pleas of Westmoreland County, the order of the Board was affirmed. This appeal by the employer's insurance carrier followed.

The record discloses that John Guzik was employed as a laborer by Laurel Ridge Construction Company. On September 21, 1956, he was setting out flares. One of the flares exploded, Guzik's pants caught on fire, and his right leg was severely burned. An open agreement was entered into providing for the payment of compensation on the basis of total disability. Payments were made under this agreement from September 22, 1956, until January 1, 1957. A petition to terminate was filed by the insurance carrier on March 26, 1957, in which petition it was averred that Guzik was able to return to work as of January 2, 1957, and that he "has refused to execute a final receipt". An answer was filed alleging that Guzik was still disabled. At a hearing before the Referee on July 31, 1957, Dr. William H. Robinson testified that he last examined Guzik on February 6, 1957, and that there was no disability apparent at that time. Counsel stipulated and agreed[1]

---

[1] "It is stipulated and agreed between counsel for the claimant and defendant, the claimant being present at the time of hearing, as follows:

"As a result of his accident of September 21, 1956, claimant entered into an open agreement with the defendant providing for an average weekly wage of $79.85. Under this agreement compensation was paid on the basis of total disability at the rate of $37.50 a week, for a period beginning September 22, 1956, to and including January 1, 1957, being 14 4/7 weeks, in the total amount of $546.43.

"It is now agreed that the claimant's total disability continued thereafter to and including March 5, 1957, being a period of nine weeks, for which compensation should be paid at the rate of $37.50 a week.

that compensation for total disability should be paid to March 5, 1957, and that all disability ceased as of that date. On August 1, 1957, the Referee filed an order in which he quoted this stipulation and accepted it "as his findings of fact." The insurance carrier thereafter issued a check with final receipt attached for the additional nine weeks compensation. Guzik refused to sign the final receipt. The insurance carrier then issued a check which did not have a final receipt attached.

The instant proceeding had its inception on October 6, 1958, when Guzik filed a petition for reinstatement alleging that his disability still continued. The insurance carrier filed an answer denying that disability continued, and alleging "that the subject matter of the claimant's petition is res judicata". At the hearing before the Referee, Guzik testified that he could not stand for any length of time, that his leg pained him at night, that the skin was "just like a piece of cigarette paper", and broke open frequently. He further testified that, notwithstanding the stipulation of counsel, he had not recovered at the time of hearing on July 31, 1957, and that his leg was presently in the same condition as it was then, if anything a little better. Dr. H. R. Decker testified that the leg was painful, tired easily, and was sensitive to irritation and injury. His conclusion was that Guzik had an overall partial disability of twenty per cent, which condition had existed continuously from March 5, 1957. For the insurance carrier, Dr. William H. Robinson testified that he first saw Guzik on October 10, 1956, at which time he had an extensive third degree burn involving the right leg, that Guzik was hospitalized until November 21, 1956, and treated by multiple pinch graft; further that, on February 6, 1957, "the burns appeared healed". Dr.

---

"It is agreed all disability sustained as a result of the accident ceased and terminated as of March 5, 1957."

Richard S. Cole testified that he examined Guzik on March 6, 1957, and that there was no disability at that time. However, Dr. Cole admitted that Guzik had informed him that he did not feel able to return to work, and also conceded that "a definite percentage of grafted cases in the least would subsequently undergo ulceration and breakdown of the skin".

The question on this appeal, according to the appellant, is as follows: "Did the claimant produce testimony which would support a finding on his petition to reinstate, that his disability had increased following the entry of the original award of the Referee, and that, therefore, such award should be reinstated?"

Appellant seeks to have this appeal determined as though claimant's petition had been filed under the second paragraph of Section 413 of the Pennsylvania Workmen's Compensation Act[2] which provides that an original or supplemental agreement or an award may be reinstated at any time upon proof that the disability of the injured employee has increased. We agree with appellant's contention that the evidence does not show that claimant's disability increased. It is our view, however, that the Court below properly considered the petition as though filed under the first paragraph of Section 413 of the statute (77 P.S. 771) which reads as follows: "The board, or a referee designated by the board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed by either party with the board or in the course of the proceedings under any petition pending before such board or referee, if it be proved that such agreement was in any material respect incorrect". The particular section of the statute under which a petition is filed is not material, provided that a proper ground for action under an appropriate section is proved: *Eberst v. Sears*

---

[2] Act of June 2, 1915, P.L. 736, 77 P.S. 1 et seq.

*Roebuck & Co.,* 133 Pa. Superior Ct. 427, 3 A. 2d 25; *Selinsky v. New Shawmut Mining Co.,* 178 Pa. Superior Ct. 240, 115 A. 2d 916.

In the case at bar, the order of August 1, 1957, was expressly based upon the stipulation and agreement of counsel. The Referee found, and we think the evidence supports such a finding, that this stipulation "was entered under a mistake of fact". See *Patulonis v. Locust Mt. Coal Co.,* 160 Pa. Superior Ct. 401, 51 A. 2d 352. The substituted finding of the Board in this connection, also amply supported by the evidence, was as follows: "At the time of the execution of the stipulation and award, all of claimant's disability due to the accident had not in fact terminated". If claimant had signed a final receipt, his only burden to set it aside, under Section 434 of the statute (77 P.S. 1001), would be to show by clear and convincing proof that all disability due to the accident had not terminated at the time the receipt was signed. See *Bun v. Central Pa. Quarry S. & C. Co.,* 194 Pa. Superior Ct. 630, 169 A. 2d 804. We do not believe that claimant's rights should be jeopardized because he refused to sign a final receipt.

Appellant argues that the order made by the Referee on August 1, 1957, following the stipulation, "has exactly the same force and effect as though entered after an adverse proceeding in which both parties submit contradictory testimony", citing *Thomas v. Bache,* 155 Pa. Superior Ct. 224, 38 A. 2d 551. That case actually stands for the proposition that the compensation authorities may not make findings contrary to agreed facts. The stipulation of July 31, 1957, was in effect a supplemental agreement. The Referee's order was not based upon independent findings but was merely an adoption and approval by him of this supplemental agreement. See *Camizzi v. E. T. Fraim Lock Co.,* 151 Pa. Superior Ct. 3, 29 A. 2d 425. We are all of the opinion that, under the circumstances, the

order does not operate to bar claimant from review and relief.

The appeal is dismissed, and the record is remitted to the Court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. See *Spry v. Polt*, 186 Pa. Superior Ct. 326, 142 A. 2d 484.