Gonzales *v.* O'Donnell's Broad Street Bar, Inc.
et al., Appellants.

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George P. Williams, III,* with him *Penrose Hertzler,* and *Schnader, Harrison, Segal & Lewis,* for appellants.

*Murray C. Goldman,* for appellee.

OPINION BY WATKINS, J., September 17, 1964:

This is an appeal in a workmen's compensation case from an order of the Court of Common Pleas No. 1 of

Philadelphia County discharging a rule to show cause why the judgment entered upon an award in favor of the plaintiff-appellee, Annetta M. Gonzales, and against the defendants-appellants, O'Donnell's Broad Street Bar, Inc., and Coal Operators Casualty Company, should not be opened.

The procedural history is as follows: On October 9, 1960 the plaintiff claimed an injury as the result of an accident. On May 31, 1962 an award was made by the referee in favor of the plaintiff for total disability. This award was appealed to the Workmen's Compensation Board. While the appeal was pending the defendants subjected the plaintiff to another physical examination and offered their doctor's report in evidence before the board to be considered in the pending appeal.

The board did consider the report of the defendant's doctor, although submitted ex parte, and, notwithstanding this additional evidence affirmed the referee's decision, modifying only the finding related to the amount of payment for medical expenses. The board's award was for the payment of benefits for total disability for an indefinite period. The date of the order was August 1, 1963. No appeal was taken from the board's final order. Subsequent to the passage of the twenty-day appeal period, to wit: On September 23, 1963, the defendants filed a petition to terminate as of September 21, 1962, eleven months prior to the end of the appeal period from the board's order. Under the Workmen's Compensation Law the petition to terminate acts as a supersedeas as of the date of filing, September 23, 1963. In reliance on this petition the defendants made a tender of payment up to September 21, 1962 which was rejected. Judgment was entered on the sum fixed by the board and execution issued.

The defendants then filed two petitions in the Court of Common Pleas No. 4, one to strike plaintiff's judg-

ment and one to stay execution. The petitions claimed that the sum was entered for too much money because of the pending petition to terminate and their contention that recovery took place on September 21, 1962. The petition and answer were argued before the Court of Common Pleas No. 4, sitting en banc, and in an opinion by Judge ALEXANDER it was held that the defendants' claim was invalid because of "the rule that a petition to terminate compensation cannot predate or go behind the date of the final award."

However, the court, because the judgment had been entered on an affidavit of counsel rather than the certification by the board, as required by the act, opened the judgment and stayed execution without prejudice to the plaintiff to re-enter the judgment in accordance with the requirements of the act. The technical defects were corrected, the judgment re-entered and execution issued on the re-entered judgment.

The petition in the first instance was one to strike but the court below treated it as a petition to open. No appeal was taken from this decision. The defendants, still contending that the amount of the judgment was excessive in view of the pending petition to terminate, again filed a petition to open the new judgment and stay execution. This rule was discharged in the Court of Common Pleas No. 1 by an opinion of Judge McCLANAGHAN which reiterated the law that you cannot go behind or predate a final award of the Workmen's Compensation Board by a petition to terminate. It was held that, as there were no new or additional grounds in this new petition the matter was res judicata by the decision of Common Pleas No. 4, unappealed from. The appeal to this Court followed.

What the defendants are trying to do is reduce the award made by the board after it became final by use of the petition to open in a collateral attack upon the judgment based on a petition to terminate. This they

cannot do. This was their argument in both courts below and we agree that by virtue of a petition to terminate under §413 of the Workmen's Compensation Act, 77 PS §772, they cannot go behind or predate a final award. *Shay v. N. Side Bk. & Tr. Co.*, 132 Pa. Superior Ct. 53, 61, 200 A. 302 (1938). We also agree that the decision of the Court of Common Pleas No. 4 as to this contention is res judicata. *Grosjean v. Murrell*, 183 Pa. Superior Ct. 530, 532, 533, 132 A. 2d 357 (1957).

At this late date, and for the first time, the defendants raise a new question before this Court, to wit: Whether they can transpose this petition to terminate as filed under §413, supra, into a petition for review or for a rehearing, under §426, of the Workmen's Compensation Act, 77 PS §871. They point out that it was filed within the eighteen months statutory limitation contained in this section.

The law is well settled that a petition for a rehearing can be filed before the board, although no appeal has been taken so that the award became final, and this is true even if an appeal to the Court of Common Pleas has been taken and not yet determined. *Newancavitch v. Pgh. Term. Coal Corp.*, 131 Pa. Superior Ct. 391, 200 A. 137 (1938).

The technical rules of procedure are relaxed in workmen's compensation proceedings. "Strictness of pleading however in Workmen's Compensation cases is not to be required. If claimant is entitled to relief under any section of the statute his petition will be considered as filed under that section." *Selinsky v. New Shawmut Mining Co.*, 178 Pa. Superior Ct. 240, 242, 115 A. 2d 916 (1955). "The same rule would apply to the employer." *Fehr v. Y.M.C.A.*, 201 Pa. Superior Ct. 107, 113, 192 A. 2d 143 (1963). "The particular section of the statute under which a petition is filed is not material, provided that a proper ground

for action under an appropriate section is proved." *Guzik v. Laurel Ridge Cons. Co.,* 196 Pa. Superior Ct. 586, 590, 176 A. 2d 183 (1961).

This argument was not advanced below so that no determination was made and the general rule is that matters not in consideration in the trial court cannot be invoked on appeal unless there has been some basic or fundamental error which seriously affects the merits of the case and imperatively calls for reversal. *Com. v. Gaito,* 195 Pa. Superior Ct. 356, 172 A. 2d 184 (1961) ; *Com. v. Dulacy,* 204 Pa. Superior Ct. 163, 203 A. 2d 587 (1964). This is not true here, but in the informal atmosphere that surrounds procedure in workmen's compensation cases and the demand for liberal construction in such cases we would feel better if the petition to terminate had been treated as a petition for a rehearing and promptly determined by the board.

The petition to terminate or for a rehearing should have been disposed of one way or another by the board. A rehearing is to be granted only where additional evidence can be produced or where the party has not been given an opportunity to present his case. It is not to be allowed for the purpose of hearing additional testimony, which is merely cumulative. 42 P.L.E. §§404, 407.

We are at a loss to know why the defendants did not appeal from the board's award or file a definite petition for a rehearing. To raise the questions posed by the defendants either one of these actions was necessary. *Michetti v. State Workmen's Ins. Fund,* 143 Pa. Superior Ct. 458, 17 A. 2d 712 (1941). The medical report that allegedly supports the contention of the defendants was considered by the board in its affirmation of the award and dismissal of the defendant's appeal from the referee's findings. This was discussed in the opinion of both courts below.

However, even if an appeal had been taken from the board's decision, a petition for a rehearing permitted

by the act would be invalid if the appeal were determined by the Court of Common Pleas before the board acted. *Thomas v. James J. Skelly, Inc. and Liberty Mutual Insurance Company,* 204 Pa. Superior Ct. 166, 203 A. 2d 339 (1964). In the present case, where the defendants failed to appeal from the board's decision, and then filed a petition to terminate, which they now designate a petition for a rehearing, they took another additional step. They petitioned the Court of Common Pleas to strike and to open the judgment on the same grounds that are the basis of the alleged petition for rehearing. The decisions by the courts below of the rule to open is dispositive of the same problems that would have been before the board under the petition for rehearing so that the petition is invalid in that the matters contained therein have been determined by the Court of Common Pleas in like manner that it would have been invalid, if in fact a direct appeal had been taken from the board's award to the court and determined while the petition for a rehearing was pending. It would be futile to remand this case for disposition of the petition for technical reasons in the face of two court opinions that have disposed of the matters contained therein in attacks upon the judgment.

Order affirmed.