Moss, Appellant, *v.* Philadelphia.

318

Argued September 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Albert Ring,* with him *Don F. D'Agui,* and *D'Agui and Del Collo,* for appellant.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Jerome R. Richter* and *Benjamin*

*Cherry,* Assistant City Solicitors, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY WATKINS, J., March 23, 1967:

This is an appeal from an order of the Court of Common Pleas No. 5 of Philadelphia County, opening a judgment entered upon an award made by the Workmen's Compensation Referee. The claimant-appellant, John W. Moss, was injured on duty as a prison guard on February 13, 1962. He was unable to work for 99 days. During his disability he received full pay from the City of Philadelphia. At the time of the hearing before the referee the money paid him by the City was charged to him as "sick leave" payments. The referee entered an order on December 12, 1964, directing the City to pay the claimant the sum of $47.50 weekly during the disability period. No appeal was taken from the referee's decision and the claimant filed a certified copy of the decision in the Prothonotary's office of the Court of Common Pleas where judgment on the award was entered on August 24, 1965.

Subsequent to the award but prior to the entry of judgment the City revised the claimant's record, restored to him his 99 days of sick leave and credited the payment of his salary as "disability salary" while "injured on duty".

The Philadelphia Civil Service Regulation Section 32 define "disability salary" as follows:

"DISABILITY SALARY—the salary an employee was being paid on the date of his disability, as adjusted in accordance with any subsequent upward or downward revision of the rates of pay for positions in his class plus any earned pay step increases which he would have received subsequent to the disability date had he not been disabled, and assuming he had received performance ratings of Satisfactory or better." Section 32.045

of the Regulations provides that such pay may be made for a period not to exceed three years. Section 32.09 specifically provides that the benefits of the Regulation are not to duplicate workmen's compensation.

On October 5, 1965, the City filed a petition with the court below for a rule to show cause why the judgment should not be opened and the City let into a defense. At the same time a petition was filed with the workmen's compensation authorities to modify the referee's award. The court below opened the judgment. This appeal followed.

The claimant contends that since no appeal or petition for rehearing was filed, the compensation award entered by the referee was conclusive. He further contends that the petition to modify is not in accordance with the Workmen's Compensation Act since it does not allege any change in disability. Workmen's Compensation Act, 1915, June 2, P. L. 736, §413, as amended, 77 PS §772.

A decision of a referee becomes, if no appeal is taken, the decision of the Workmen's Compensation Board. 42 P.L.E. Workmen's Compensation §294, page 355; *Calabria v. State Wkmn's. Ins. Fund,* 333 Pa. 40, 3 A. 2d 322 (1939). In *Overmiller v. D. E. Horn & Co., Inc.,* 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960), the claimant had appealed to the board from a decision of the referee and subsequently requested permission to withdraw the appeal which was granted. The situation then became the same as if no appeal had been taken and the decision of the referee became the decision of the board. More than a year after the date of the decision the claimant filed a petition for a rehearing under section 426 of the Workmen's Compensation Act, 77 PS §871, which requires such petition to be filed within one year after the board had made its decision. This Court held that the right of the claimant was completely extinguished at the end of one

year after the last order of the board. The amendment of February 28, 1956, P. L. (1955) 1120 to §426, 77 PS §871, supra, which extended the time for petitions for review to eighteen months after the decision was held not applicable retroactively.

The law is well settled that a petition for a rehearing can be filed with the board, although no appeal has been taken so that the award became final, and this is true even if an appeal to the Court of Common Pleas has been taken and not yet determined. *Newancavitch v. Pittsburgh Term. Coal Corp.*, 131 Pa. Superior Ct. 391, 200 A. 137 (1938) ; *Gonzales v. O'Donnell's Broad St. Bar, Inc.*, 204 Pa. Superior Ct. 170, 203 A. 2d 583 (1964).

Despite the entry of judgment on the award either party under §426 of the Act, supra, had the right to petition to review within eighteen months of the date of the referee and board's decision of December 18, 1964. On October 5, 1965, a petition for modification under §413 of the Workmen's Compensation Act, 77 PS §772, was filed. The claimant contends that this petition is not in conformity with the requirements under §413, since it does not allege any change in disability.

"The technical rules of procedure are relaxed in workmen's compensation proceedings. 'Strictness of pleading however in Workmen's Compensation cases is not to be required. If claimant is entitled to relief under any section of the statute his petition will be considered as filed under that section'. Selinsky v. New Shawmut Mining Co., 178 Pa. Superior Ct. 240, 242, 115 A. 2d 916 (1955). 'The same rule would apply to the employer'. Fehr v. Y.M.C.A., 201 Pa. Superior Ct. 107, 113, 192 A. 2d 143 (1963). 'The particular section of the statute under which a petition is filed is not material, provided that a proper ground for action under an appropriate section is proved'. Guzik v. Laurel Ridge Cons. Co., 196 Pa. Superior Ct. 586, 590,

322

176 A. 2d 183 (1961)." *Gonzales v. O'Donnell's Broad St. Bar, Inc.,* supra.

Even if the contentions of the claimant that the petition to modify was not the proper proceeding is well taken, the board may treat it as a petition to review under §426 and it is well within the eighteen month limitation. The court below agreed with the contention of the City that the change made from "sick benefits" to "disability salary" raised a good defense to the claim under *Creighton v. Continental Roll and Steel Foundry Company,* 155 Pa. Superior Ct. 165, 38 A. 2d 337 (1944); *Long v. Philadelphia,* 150 Pa. Superior Ct. 631, 29 A. 2d 243 (1942), in that he was paid his full salary in lieu of compensation. See also: §319 of the Act, 77 PS §671, concerning subrogation. We do not believe that the opening of the judgment was an abuse of discretion.

Order affirmed.