Joseph Spears, Petitioner *v.* Workmen's Compensation Appeal Board (Newman and Company, Inc.), Respondents.

Submitted on briefs June 6, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Jay Meyers*, for petitioner.

*James K. Martin*, with him, *Eric G. Daniel*, for respondents.

OPINION BY JUDGE BARBIERI, September 28, 1984:

Joseph Spears, Claimant, appeals here an order of the Workmen's Compensation Appeal Board affirming a referee's dismissal of Claimant's petition for reinstatement of compensation.

Claimant suffered work injuries to his head and neck on October 3, 1975 while in the employ of Newman & Company, Inc., Defendant, for which he was paid total disability compensation until payments were terminated as of August 28, 1977, under a referee's decision dated October 25, 1977. That decision was based upon a stipulation presented to the referee by the parties and was not appealed. Thereafter, on September 15, 1978, Claimant filed the instant Petition for Reinstatement of Compensation alleging that his disability recurred on February 20, 1978. The requested reinstatement date was changed to August 28, 1977 in the course of the following colloquy:

THE REFEREE: Let's say that the Petition for Reinstatement has been orally amended to request reinstatement as of—what date?

MR MEYERS: Let's make it formally September 1, 1977.

THE REFEREE: The evidence presented is that the disability has never abated?

MR. MEYERS: Correct.

THE REFEREE: How can you say September 1, 1977? I don't see any evidence about that.

MR. MEYERS: He has indicated that he hasn't really felt any better since the end of August when he signed that.

THE REFEREE: He didn't sign anything; I did.

MR. MEYERS: Correct.

THE REFEREE: August 28th was the date I have here.

MR. MEYERS: Right. Since that time his condition has not improved. It is still the same. As a matter of fact, it's a constant condition.

THE REFEREE: Then you want to amend your petition to alleged [sic] August 28th as the date?

MR. MEYERS: Yes. I had rounded it out to September the 1st. We will make it August 28, 1977. Make it formally as of that time.

The referee made the following pertinent findings:

4. Claimant's pain never ceased following his incident of October 3, 1975. Claimant's condition is the same as it was following the incident of October 3, 1975 (N.T. December 7, 1978 at 12).

5. Claimant's disability never abated following the incident of October 3, 1975.

6. On August 29, 1977 Claimant had executed a stipulation which contains a provision that "on August 28, 1977 all disability pertaining to Claimant's injury of October 3, 1977 (sic) did cease and terminate." Claimant also acknowledged in that stipulation the following: "Any disability referable to the injury of October 3, 1975, which may exist after August 28, 1977, is totally unrelated to said injury and is the result of the natural progression of pre-existing conditions."

The referee made the following conclusion of law: Since Claimant's condition has not *changed* since the referee determined in his decision of October 25, 1977 that Claimant's disability ceased as of August 28, 1977, Claimant's Petition for Reinstatement of Compensation must be dismissed. Harmar Coal Company v. WCAB & Dunmyre, 30 Pa. Commonwealth Ct. 64, 372 A.2d 1244 (Pa. Cmwlth. Ct. 1977) (Emphasis the Referee's).

The Board in affirming the referee's dismissal of the petition, stated:

The claimant testified that his condition has not changed since October 3, 1975. The claimant's expert, Dr. Parviz Kambin, testified the claimant's condition was constant and his injury was permanent.

The Referee dismissed the claimant's Petition on the basis that his condition had not changed since the Referee's prior order. This is the correct statement of the law. Harris Weinstein/ Clyde Shirt Co. vs. Workmen's Compensation Appeal Board, 65 Pa. Commonwealth Ct. 598, 443 A.2d 857, 858 (1982).

As will appear, neither *Harmar,* noted by the referee, nor *Harris Weinstein,* cited by the Board, is controlling here.

First, we must note that the referee's findings, particularly his fourth and fifth quoted above, establish that Claimant has been totally disabled since the injuries were sustained by him on October 3, 1975.[1] Such findings are adequately supported by the unequivocal medical testimony of Claimant's attending physician, Parvis Kambin, M.D., testifying as an expert witness on behalf of the claimant on a stipulation by defense counsel to his "eminent qualifications." Dr. Kambin gave the following opinion testimony:

A. Yes. In my opinion, based on the information I have and the history, he had been free of neck pain and headache until the injury of 10/3/75, following which he was seen at Temple Hospital and has been followed in my office, and the trauma of 10/3/75 has aggravated a preexisting asymtomatic degenerative changes of his cervical spine which is responsible for the continuation of difficulties up to the present date.

Dr. Kambin testified further as follows:

Q. What is the prognosis in your professional opinion, using reasonable medical certainty, in this case?

A. We are now in 1980, and that's five years after the accident. He still has problems. In my opinion, he will continue to have difficulties in his neck in the future.

---

[1] Claimant had signed a Final Receipt, undated, stating that he returned to work on November 3, 1975. This was set aside on Claimant's petition and payments were reinstated for the period from August 21, 1976 until August 28, 1977, in the referee's stipulated decision of October 25, 1977.

Q. In your professional opinion, using reasonable medical certainty, is this a permanent injury?

A. Yes.

Apparently, the referee's fourth and fifth findings, that "Claimant's pain never ceased" following the injuries of October 3, 1975, that the "condition is the same as it was following the incident of October 3, 1975" and that the "disability never abated following the incident of October 3, 1975," are principally based, as he notes in finding No. 4 upon the claimant's statements in his testimony, as follows: "A. Your Honor, the pains have never ceased since the accident. Off and on they would come. I was hoping I would be relieved enough in order to go to work, but it seems it didn't let up enough."

We see as crucial the fact that, if the referee's findings here are accepted, the stipulation on which he predicated his prior decision was patently false, at least as to the state of Claimant's disability, rendering that prior decision possibly of little or no consequence legally, subject to being null and void as the product of an illegal settlement proscribed under Section 407 of The Workmen's Compensation Act.[2] *Leaseway Systems v. Workmen's Compensation Appeal Board (Beccerra)*, 53 Pa. Commonwealth Ct. 520, 418 A.2d 796 (1980); *Klingler v. Workmen's Compensation Appeal Board (Rupert)*, 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980); *Green v. Workmen's Compensation Appeal Board (Roadway Express)*, 43 Pa. Commonwealth Ct. 143, 401 A.2d 1243 (1979). Indeed, Item No. 13 of the stipulation, adopted by the referee in his sixth finding, quoted above, is on its face illegal and null and void under the provisions of Section 407. This provision reads: "Any disability refer-

2 Act of June 21, 1915, P.L. 736, *as amended*, 77 P.S. §731.

able to the injury of October 3, 1975, which may exist after August 28, 1977, is totally unrelated to said injury and is the result of the natural progression of pre-existing conditions.''

Furthermore, the Defendant frankly admits the invalidity of such a provision, stating in its brief that ''[i]t is admitted by the employer that a Claimant cannot stipulate as to future disability . . .'' and while it is true as Defendant argues that the parties may stipulate as to an existing state of disability, yet if such a stipulation is part of an illegal settlement or is no more than an agreement approved by the referee, his decision thereon cannot be accorded the *res judicata* effect attributed to it by the referee and the Board in this case.

In *Guzik v. Laurel Ridge Construction Co.*, 196 Pa. Superior Ct. 586, 176 A.2d 183 (1961), where as here there was a referee's unappealed termination order based upon a stipulation at a hearing on July 31, 1957, that all disability as a result of the accident had ceased as of March 5, 1957, as here there was a subsequent petition to reinstate in support of which claimant's testimony was that, ''notwithstanding the stipulation of Counsel, he had not recovered at the time of the hearing on July 31, 1957.'' In ruling that the petition to reinstate should be treated as filed under the first paragraph of Section 413, 77 P.S. 771, which applies to review and correction of agreements ''if in any material respect incorrect''[3] rather than under the second paragraph, 77 P.S. 772, which authorizes review of a referee's award on proof of change,[4] the *Guzik* court

---

[3] The quote is from the present revision of the paragraph, somewhat more liberal than that in effect when *Guzik* was decided.

[4] The Court in *Guzik* stated:

The particular section of the statute under which a petition is filed is not material, provided that a proper ground for action under an appropriate section is proved: Eberst v.

stated: "The stipulation of July 31, 1957, was in effect a supplemental agreement. The Referee's order was not based upon independent findings but was merely an adoption and approval by him of this supplemental agreement."

Obviously, the referee is not to be faulted for acting upon the agreement of the parties. On the other hand, however, what is simply and solely an agreement of the parties should not be treated as something a whole lot more, an adjudication of issues presented by the parties for the referee's judgment and determination.[5]

Accordingly, this case will be remanded for further consideration by the referee. If the referee's decision of October 25, 1977 is predicated upon an agreement of the parties that is the false product of an illegal settlement or is no more than the approval by the referee of an agreement by the parties that is materially incorrect, Claimant's petition should be construed as filed under the first paragraph of Section 413 of the Act with such decision thereon as is appropriate under the circumstances.

ORDER

Now, September 28, 1984, the order of the Workmen's Compensation Appeal Board at Docket No. A-

---

Sears Roebuck & Co., 133 Pa. Superior Ct. 427, 3 A.2d 25; Selinsky v. New Shawmut Mining Co., 178 Pa. Superior Ct. 240, 115 A.2d 916.

See also *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984).

[5] We note that, while we have no record of any evidentiary or other proceedings before the referee on which his decision of October 25, 1977, could have been based, the decision reflects that the last date for a listed hearing was August 9, 1977, marked "case concluded," whereas the stipulation is for compensable disability extending beyond that date to August 28, 1977.

83142, dated May 19, 1983, is vacated, and the record in this case is remanded for further proceedings consistent with the opinion above.

Jurisdiction relinquished.