97 Pa. Commonwealth Ct. 520 (1986)
510 A.2d 373
Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner
v.
Workmen's Compensation Appeal Board (Commercial Union Insurance Company and Gary Palmer and Fox Warehousing), Respondents.
No. 2134 C.D. 1983.
Commonwealth Court of Pennsylvania.
May 30, 1986.
Argued November 14, 1985.
Before Judges MacPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.
*521 Wanda Whare, Assistant Counsel, with her, Vatche Kaloustian, Assistant Counsel, for petitioner.
Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, for respondents.
OPINION BY SENIOR JUDGE BARBIERI, May 30, 1986:
Before this Court is the Department of Labor and Industry of the Commonwealth of Pennsylvania in its capacity as custodian of the Workmen's Compensation Supersedeas Fund (Fund) under Section 443 of The Pennsylvania Workmen's Compensation Act, (Act),[1] seeking review of an order of the Workmen's Compensation Appeal Board (Board). The order reversed a referee's denial of reimbursement from the Fund for compensation allegedly overpaid by Commerical Union Insurance Company, Respondent, a workmen's compensation insurer of Fox Warehousing, employer of Gary Palmer, Claimant.
*522 Gary Palmer was paid workmen's compensation benefits at the rate of $171.00 for low back injuries sustained on October 20, 1975 in the course of his employment with Fox Warehousing. The Insurer petitioned on October 18, 1978 for a suspension of benefits on the ground that
Claimant recovered from injury of October 20, 1975 to the extent that by May 2, 1978 he was able to return to employment that has been determined to be available, and therefore defendant seeks suspension of compensation benefits designating instant petition as request for supersedeas.
Claimant filed answer under date of October 30, 1978, denying the Insurer's allegations as follows:
Claimant has not recovered from his injury of October 20, 1975 to the extent that he has been unable to return to any available employment.
In hearings held on Insurer's petition and the Claimant's answer thereto, it was established that Claimant had suffered a disc herniation, demonstrated by myelogram, as "almost complete block at the L5-6 area."[2] Surgery on December 5, 1975 was unsuccessful in that Claimant remained disabled for all except light duties.[3] The record establishes that such light work was unavailable to Claimant who testified to twenty-three attempts at securing such light work without success.
Supersedeas requested in the petition of October 18, 1978 was denied and at a referee's hearing on April 23, 1979 a renewed request for supersedeas was made, *523 but at a subsequent hearing on September 24, 1979, supersedeas was again denied. It was the hearing of September 24, 1979 at which the Claimant's incapacity to obtain available employment in keeping with his disability was recorded.[4]
The instant controversy arose out of the circumstances that Claimant, having settled with a third party tortfeasor for $83,000.00, made an additional settlement with Insurer of its claim for $36,765.00, representing compensation benefits paid by it to Claimant, whereby Insurer agreed to accept out of the third party recovery only the sum of $7,500.00, but obtained an agreement from Claimant in the form of a stipulation, dated February 28, 1980, which contained the following:
3. It is now agreed between the parties that as of May 2, 1978, the Claimant was physically capable of returning to existing and available employment at wages equal to or in excess of his average weekly wage on the date of injury.
As previously noted, of course, this stipulation of facts is not supported by the record. Nevertheless, pursuant to the stipulation, the referee adopted certain of the assertions therein as his own Findings of Facts, concluding that "Claimant was able to return to existing and available employment effective May 2, 1978. . .," and granting Defendant's Petition for Suspension as of that date.
When the instant Petition for Reimbursement From the Supersedeas Fund came before the referee, in decision dated October 16, 1980, he made the following "Finding of Fact:" "Claimant received a Third Party Settlement in regards to the work-related injury and Defendant *524 waived its Right to Subrogation." He entered the following conclusion of law:
The Applicant in this matter waived its Right to any Subrogation of Claimant's Third Party Action; accordingly, Applicant shall not now seek reimbursement for monies paid to the Claimant from the Commonwealth, when in fact Applicant should have received any over-payment from Claimant's Third Party Settlement. Applicant's request shall be denied.
The referee's denial of reimbursement was appealed to the Board which remanded on the basis that the "Finding" above-quoted was insufficient for the Board's review, whereupon the referee filed more extensive findings including the following:
2. Thereafter, on February 28, 1980, a Stipulation of Fact agreed upon by respective counsel and with the express consent and approval of the Claimant was submitted to this Referee. In accordance with this Stipulation of Fact the Referee incorporated same into his decision and order dated April 28, 1980, granting Defendant's Petition for Suspension as of May 2, 1978.
3. During the course of the Workmen's Compensation litigation, Claimant had initiated a Third Party Action and said action was concluded by way of a settlement between the parties in that litigation. The Defendant/Employer Insurance Carrier waived its rights to any Subrogation Lien it may have had against Claimant's Third Party Settlement.
4. Defendant now seeks to recover those sums of money from the Commonwealth as conservator of the Supersedeas Reimbursement Fund.
*525 In again denying reimbursement, the referee made the following conclusion of law:
The Applicant/Insurer in this matter waived its Right to any Subrogation Lien of Claimant's Third Party Settlement; Applicant now seeks reimbursement of said monies paid to the Claimant from the Commonwealth of Pennsylvania in their roll [sic] as conservator of the Workmen's Compensation Supersedeas Fund. Applicant's waiver of their Right to Subrogation of said Third Party Action Settlement, acts as an estoppel to any claim against the Commonwealth of Pennsylvania, since said Subrogation was the Applicant's primary remedy.
On appeal by Insurer, the Board reversed, stating:
There is no precedent for the Referee's finding that reimbursement for excess compensation could be recovered through a compensation lien. Therefore, the Referee made an error of law in concluding that acceptance of a compensation lien waives the right to recover from the supersedeas fund for reimbursement of excess compensation.
On this appeal to us, the Fund contends that the Board erred in its order and that the Insurer does not have the right to reimbursement from the Supersedeas Fund compensation that was subject to the Insurer's right to subrogation under Section 319[5] of The Pennsylvania Workmen's Compensation Act. Pursuant to this major contention, the Fund argues that (1) the statutory scheme requires an insurer to recover from a liable third party, if available, rather than from the Supersedeas Fund; (2) that the insurer has executed with the Claimant an accord and satisfaction which bars it from *526 seeking reimbursement from the Fund for money not collected from the Claimant; (3) the insurer waived its statutory right to recover from the Supersedeas Fund; and (4) the insurer did not follow the regulatory requirements where a settlement is made with a third party and so is disqualified from receiving reimbursement from the Fund.
While there is some apparent merit in each of the four arguments by the Fund against the claimed reimbursement,[6] we note at the outset that the Insurer, Respondent herein, sought and obtained from the Board an order enforcing its claim against the Fund based upon an agreement to which the Fund was not a party. Indeed, the Insurer has conceded in its supplemental brief, citing Guzik v. Laurel Ridge Construction Company, 196 Pa. Superior Ct. 586, 176 A.2d 183 (1961), that the stipulation of the parties in this case is merely an agreement, with no formal judiciary effect such as *527 res judicata. This Court has so held, Spears v. Workmen's Compensation Appeal Board (Newman), 85 Pa. Commonwealth Ct. 346, 481 A.2d 1244 (1984). See Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board (Maas), 506 Pa. 592, 487 A.2d 794 (1985). Furthermore, in this light, in reviewing the record made on the petition which was concluded with the stipulation, it is clear to us that the stipulated termination of compensable disability was contrary to fact, was in violation of the terms of the Act and, therefore, null and void under the provisions of Section 407[7] of the Act. Rollins, Spears. Even if this agreement by stipulation were not null and void, however, in our view it would still not provide a basis for reimbursement from the Fund. Section 443(a) provides
(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. (Emphasis added.)
Very simply, as we read this provision, the requirement that it be "determined that [the] compensation was not, in fact, payable" does not authorize invasion of the Fund by agreement of the parties, excluding the Fund, much less would it authorize the transfer, as here, of the Insurer's subrogation claim against the third party tortfeasor to one against the Fund. We are supported in this view, we think, by the clear imposition of responsibility upon the Department of the Fund's management and conservation with the provision *528 in Section 443(b) that "[t]he department shall be charged with the maintenance and conservation of this fund." Obviously, the Fund cannot meet that legislatively-imposed responsibility if it must pay out on claims based upon agreements to which it is not a party and clearly such an agreement can have no res judicata effect simply because it forms the basis for a referee's approval in the form of a decision. Spears. When an agreement is null and void between actually participating parties, Rollins, Spears, it certainly cannot be more valid as to one, the Fund, who is not even a party to it.[8] *529 We conclude that at the very least the Department as conservator of the Fund is entitled as the basis for reimbursement to have an arms length or adversary type determination, rather than agreement with or without a referee's approval, on which the Insurer bases its claim, that the "compensation was not, in fact, payable."[9]
Accordingly, we hold that there was no determination as required to validate a claim against the Fund, but only an agreement on which to base the claim; that the Department was not a party to the agreement or on notice, either directly or by compliance with its regulations, 34 Pa. Code §121.18; and, in any event, whether the Insurer by the settlement agreement to which the Fund was not a party "waived" any claim against the Fund, as the referee ruled, or simply accepted $7,500.00 in satisfaction of its claim for $36,765.00 which latter sum included the $10,308.91 claimed from the Fund, see Meehan v. Philadelphia, 184 Pa. Superior Ct. 659, 136 A.2d 178 (1957), no valid claim was presented under Section 443(a) of the Act. Accordingly, we will reverse the Board's order and reinstate the referee's denial of reimbursement.

ORDER
NOW, May 30, 1986, the order of the Workmen's Compensation Appeal Board, as of No. A-82424, dated July 14, 1983, is reversed and the referee's order, dated September 24, 1981, is reinstated.
CONCURRING OPINION BY JUDGE MacPHAIL:
I concur with the result reached by the majority opinion solely because I believe that the agreement *530 reached between the Insurer and the Claimant in this case was null and void under Section 407 of the Act for the reasons stated by the majority.
I do not agree with the majority opinion that an agreement between an insurer and a claimant, which is otherwise valid, is rendered invalid for reimbursement purposes because the Supersedeas Fund was not a party to such agreement. If the Supersedeas Fund is or may be subject to abuse by collusive agreements, the remedy should be provided by the Legislature, not this Court.
I further believe that it is unnecessary for us to address this issue in the case sub judice.

ORDER
NOW, September 29, 1986, having previously granted reconsideration, we hereby reaffirm our prior opinion and Order filed May 30, 1986.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §999.
[2] Claimant has six lumbar vertebrae.
[3] While we have not been furnished with a complete record of hearings on Insurer's suspension petition, reports from William J. Cassidy, M.D., apparently Claimant's physician, and Martin L. Beller, M.D., Insurer's witness, indicate that Claimant's back injury continues to be disabling.
[4] It thus appears that the supersedeas requests were properly denied, since the record would apparently not support the suspension sought in the petition.
[5] 77 P.S. §671.
[6] Settlement with the claimant out of the fund paid by the third party tortfeasor for less than the amount available to satisfy the employer's subrogation claim is a satsfaction of all existing and future subrogation claims of the employer. Meehan v. Philadelphia, 184 Pa. Superior Ct. 659, 136 A.2d 178 (1957). In Meehan, the City's claim was $4,741.54 for disability and medical bills at the time of the settlement with the third party, at which time there was pending a compensation proceeding in which claimant sought and later was awarded compensation for total disability. Claimant's share of the third party settlement was $2,500 and the City agreed to accept $500. Claimant's counsel was paid $625, leaving to claimant a net of $1,875. When judgment for the total disability compensation was later entered against the City for $10,667.86, the City claimed credit for the $1,875 received by claimant in the third party settlement. The credit was denied, the Court stating: "The City in compromising its claim in the trespass action, gave up any additional subrogation rights in return for the amount paid."

Also, we note, as the Fund contends, that there is no indication of compliance by the Insurer with the subrogation requirements in the Department's regulation at 34 Pa. Code §121.18.
[7] 77 P.S. §731.
[8] In this Court's en banc decision in Westmoreland Cas. Co. v. Workmen's Compensation Appeal Board, 32 Pa. Commonwealth Ct. 492, 379 A.2d 1080 (1977), where the period of payments to be reimbursed was fixed in a case involving a termination petition, we stated:

The Insurer, preliminary to its argument on the merits, contends that the Commonwealth's appeal is not properly before us since its appeal to the Board was untimely. It argues that, if the Commonwealth disagreed with that portion of the April 4, 1975 decision of Referee Kovach ordering reimbursement back to December 19, 1973, it should have filed an appeal to the Board within 20 days, and that its failure to do so rendered the referee's decision final. The Commonwealth responds that the Department of Labor and Industry, as administrator and conservator of the Supersedeas Fund, was never a party to the termination proceedings before Referee Kovach and was not joined by Insurer for purposes of deciding the reimbursement issue, which, the Commonwealth implies, the referee should not have decided. Thus, since it was never made a party in interest to the termination proceedings and since it was never served with notice of the decision, the Commonwealth contends that it is not bound by the determination or by the appeal time limit. We agree. (Emphasis added.)
32 Pa. Commonwealth Ct. at 497-498, 379 A.2d at 1083.
While in Westmoreland, unlike this case, the reimbursement issue was also decided without Fund participation, there would be no difference in the instant case if the Fund at a hearing was required to accept without question the referee's suspension back-dated to May 2, 1978.
[9] We note that there is no finding that the compensation on which the claim here is based was "not, in fact, payable."