588 A.2d 592

**WAUSAU INSURANCE COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FULTON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 1991.

Decided March 19, 1991.

Gary S. Williams, Rubinate, Walsh & Marks, Philadelphia, for petitioner.

Michael R. Hetrick, Asst. Counsel, Harrisburg, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Wausau Insurance Company (Petitioner) appeals from a decision of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision that granted Petitioner reimbursement from the Workmen's Compensation Supersedeas Fund (Fund) for Petitioner's $6,719.58 overpayment of compensation to Sylvester Fulton (Claimant). We reverse.

The undisputed facts and procedural history are as follows. On February 5, 1980, Claimant sustained a work-related injury in the nature of a lumbosacral spine strain. The notice of compensation payable was issued on May 23, 1980. Petitioner filed a petition for suspension requesting a supersedeas on July 25, 1980. On April 13, 1981, the referee denied that request.

The referee subsequently modified the notice of compensation payable and reduced Claimant's benefits on August 30, 1982. The referee also found that Petitioner had overpaid Claimant in the amount of $12,692.54.[1] Thus, Petitioner was entitled to take a credit of $53.33 per week until fully reimbursed. Over a three year period, Petitioner took the weekly credit in the total amount of $6,719.58.

On November 16, 1984, Petitioner filed another petition for suspension and requested a supersedeas effective August 19, 1983. The referee granted the supersedeas request on February 11, 1985, which was to be effective on November 16, 1984.

Claimant then filed a petition to review the referee's August 30, 1982 order, asserting that it was improper for Petitioner to seek credit from Claimant. According to the supplemental agreement that resulted, Petitioner agreed to pay Claimant the $6,719.58 that the referee in his August 30, 1982 order had ordered Petitioner to withhold as credit.

On March 1, 1988, Petitioner filed an application for reimbursement from the Fund. In a February 28, 1989 decision and order, the referee ordered the Bureau of Workers' Compensation of the Department of Labor and Industry (Respondent) to reimburse Petitioner in the amount of $6,719.58 for the overpayment of benefits to Claimant.[2]

█ The Board, with one dissenting commissioner, reversed the referee's order. In that September 6, 1990 opinion and order, the Board stated that the fifth requirement of the five-part test for an insurer to obtain reimbursement from the Fund had not been met.[3] It so conclud-

1. Since Petitioner requested $6,719.58 only in its March 1, 1988 application for reimbursement from the Fund, any potential reimbursement for the balance of the overpayment is not before us.

2. Under Section 443 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999, Respondent is the conservator and maintainer of the Fund.

3. The five prerequisites are summarized in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Co.)*, 113 Pa.Commonwealth Ct. 607, 611, 538 A.2d 587, 589 (1988), and read as follows:

ed because Petitioner and Claimant had resolved their dispute, and Petitioner agreed to pay Claimant the money which was improperly withheld from Claimant's benefits.

The issue before us is whether the Board erred in finding that Petitioner was not entitled to reimbursement from the Fund because the parties executed a supplemental agreement in which Petitioner agreed to refund the benefits improperly withheld. We note that our scope of review here is limited to whether constitutional rights were violated, whether an error of law was made, or whether the findings of fact were supported by substantial evidence. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).

Petitioner argues that the parties' supplemental agreement did not nullify the referee's August 30, 1982 final determination, wherein the referee found that compensation was not payable to Claimant, because the parties in the agreement did not address whether or not compensation was payable to Claimant. Further, it contends that the parties through their agreement merely acknowledged that Petitioner could not penalize Claimant by seeking credit from him. We agree.

In its petition for review of the referee's August 30, 1982 decision and order, Claimant did not contend that Petitioner had not made an overpayment, but instead asserted that Petitioner by law must seek reimbursement from the Fund. Since it is well established that an insurance company may

1. A supersedeas must have been requested;
2. The request for supersedeas must have been denied;
3. The request must have been made in a proceeding under Section 413 of the Act;
4. Payments were continued because of the order denying the supersedeas; and
5. In the final outcome of the proceedings 'it is determined that such compensation was not, in fact, payable.' (Quoting Section 443 of the Act.)

not withhold credit from a claimant's benefit payments,[4] Claimant's challenge here of the identity of the proper party to reimburse Petitioner, rather than a challenge of whether reimbursement is due at all, did not nullify the final nature of the referee's determination.

Petitioner acknowledges that it was improper for it to withhold credit from Claimant's benefit payments. That is why it (1) filed an application for reimbursement from the Fund; and (2) entered into the supplemental agreement with Claimant, wherein it agreed to pay Claimant the $6,719.58 that it withheld as credit due to overpayment.

Respondent argues that there was no final determination that compensation was not payable to Claimant because the referee marked Claimant's petition for review as withdrawn after the parties entered into the supplemental agreement. In support of its contention, Respondent cites the case of *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Commercial Union Insurance Co.)*, 97 Pa.Commonwealth Ct. 520, 510 A.2d 373 (1986), wherein we held that "at the very least the Department as conservator of the Fund is entitled as the basis for reimbursement to have an arms length or adversary type determination, rather than agreement with or without a referee's approval, on which the Insurer bases its claim, that the 'compensation was not, in fact, payable.' " [5] We disagree with Respondent's interpretation of the *Commercial Union* case.

In the *Commercial Union* case, we held that the insurance company was not entitled to reimbursement from the Fund because it entered into a settlement with the claimant after claimant settled with a third-party tortfeasor. Thus, because the Fund was not a party to the agreement between the insurer and the claimant, we concluded that the parties could not then invade the Fund by agreement.

4. *Rogers v. Workmen's Compensation Appeal Board (Strouse/Greenberg & Co.)*, 129 Pa.Commonwealth Ct. 230, 565 A.2d 209 (1989).

5. *Id.*, 97 Pa.Commonwealth Ct. at 529, 510 A.2d at 376–77.

Our case is distinguishable from *Commercial Union* because Section 319 of the Act, 77 P.S. § 671 provides for employer subrogation to the rights of his employee against third persons. The insurance company in *Commercial Union* could not refuse to seek money from the third-party tortfeasor and then expect to receive reimbursement from the Fund. Instead of entering into an agreement that was not at arms-length, the insurance company should have exercised its statutory right under Section 319 of the Act.

In our case, however, we are not concerned with subrogation, but with recouping overpayments from the Claimant. Nowhere in the Act does the Legislature permit an insurer to seek reimbursement for overpayment from a claimant. If a claimant has been overpaid through no fault of his own, an insurance company's remedy is to seek reimbursement from the Fund.

Here, the only thing that was not adversarial was the identity of the proper party to pay reimbursement. The referee, in a final, adversarial determination, decided that compensation was not payable to Claimant. In *Commercial Union*, there was no final determination. Thus, the fifth prerequisite for an insurer to obtain reimbursement from the Fund has been met here.

For these reasons, we reverse.

## ORDER

AND NOW, this 19th day of March, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.