COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (OLD REPUBLIC INSURANCE COMPANY), Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1996.
Decided Sept. 30, 1996.
Publication Ordered Nov. 26, 1996.

Susan N. Duke, Harrisburg, for Petitioner.

Michael W. Jones, Willow Grove, for Respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

The Department of Labor and Industry, Bureau of Workers' Compensation (Department) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision granting Old Republic Insurance Company's (Insurer) request for reimbursement from the Supersedeas Fund (Fund).

On June 19, 1990, Richard Zolner (Claimant), while employed with Wyoming Valley West School District (Employer), sustained a work-related injury and received workers' compensation benefits. On January 24, 1992, Employer filed a petition for suspension of compensation benefits, asserting that Claimant could return to employment as of January 13, 1992. Employer also requested a supersedeas but the request was not acted upon by the WCJ and, as a matter of law, was deemed denied.[1] While the petition for suspension was pending, Claimant and Employer entered into a supplemental agreement in which they agreed that as of March 30, 1993, Claimant was capable of returning to gainful employment making $254.21 per week, leaving Claimant with a partial disability compensable at a rate of $90 per week as of March 30, 1993. Claimant filed a petition for a commutation of his partial disability benefits which the WCJ approved and dismissed the Employer's petition for suspension as moot.

Insurer then filed an application for supersedeas fund reimbursement,[2] for an overpayment of $15,901, based on the difference be-

---

1. 34 Pa.Code § 131.43 provides for disposition of a supersedeas request as follows:

The referee hearing the request for supersedeas shall, within 14 days of the hearing, issue a written decision on the request for supersedeas, if granted. Unless a supersedeas is granted by a written order, it will be deemed denied from the date of filing of the request.

2. Section 443 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999, established the Supersedeas Fund

and provides for reimbursement when an insurer overpays, as it provides in relevant part:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor ...

tween the partial disability amount, $90 per week, and the full disability compensation rate from January 24, 1992, to March 30, 1993. The Department, as conservator of the Fund,[3] appealed, arguing that because the parties terminated the litigation by agreement rather than by a final determination by a WCJ, Insurer is not entitled to reimbursement from the Fund. After considering the deposition testimony of Employer's medical witness, Dr. Peter A. Feinstein, who opined that Claimant was capable of returning to work as of June 20, 1991, the WCJ concluded that reimbursement from the Fund was justified and granted the reimbursement back to January 24, 1992. On appeal, the Board affirmed. This appeal followed.[4]

For Insurer to be reimbursed from the Fund, the Department contends that there must be a fully litigated determination by the WCJ that compensation previously paid was not proper.[5] Because the petition for suspension here was dismissed as moot and the parties terminated the underlying litigation by settling the claim by entering into a supplemental agreement and commutation agreement, there was no such adversarial determination. In *Commonwealth, Bureau of Worker's Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America)*, 101 Pa.

Cmwlth. 552, 516 A.2d 1318, 1322 (1986), regarding what is a "determination" for purposes of reimbursement from the Fund, we stated:

> We conclude that the very least the Department, as conservator of the Fund is entitled as the basis for reimbursement to have an arms length or adversary type determination, rather than agreement with or without a referee's approval, on which the Insurer bases its claim, that the 'compensation was not, in fact payable.' (Emphasis deleted).

Here, we only have a consensual supplemental agreement stating that as of March 30, 1993, "Claimant's injury resolved itself into a permanent partial disability," not the "arms length or adversarial type determination" required.[6] Because there was not a determination that compensation paid to Claimant was not, in fact, payable, Insurer has not satisfied the requirements of the Act to gain reimbursement from the Fund. Accordingly, we reverse the order of the Board affirming the WCJ's decision to grant Insurer reimbursement from the Fund.[7]

### ORDER

AND NOW, this 30th day of September, 1996, the order of the Workmen's Compensa-

---

3. Section 443 of the Act, 77 P.S. § 999, charges the Department with conserving and maintaining the Fund.

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Wausau Insurance Company v. Workmen's Compensation Appeal Board (Fulton)*, 138 Pa.Cmwlth. 491, 588 A.2d 592 (1991).

5. The prerequisites that Insurer must satisfy to obtain reimbursement of the Fund are as follows:
   • A supersedeas must have been requested;
   • The request for supersedeas must have been denied;
   • The request must have been made in a proceeding under Section 413 of the Act;
   • Payments were continued because of the order denying the supersedeas; and
   • In the final outcome of the proceedings 'it is determined that such compensation was not, in fact, payable.'
   *Commonwealth, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board*

*(Liberty Mutual Insurance Company)*, 113 Pa. Cmwlth. 607, 538 A.2d 587, 589 (1988).

6. Even if we were to consider the supplemental agreement as constituting an adversarial determination sufficient to support reimbursement from the Fund, it still would not support the award of reimbursement in this case. The supplemental agreement states that Claimant's injury resolved itself into permanent partial disability as of March 30, 1993. However, the reimbursement from the Fund was for the period of January 24, 1992, through March 30, 1993. Nowhere is there any agreement or determination that Claimant's injury resolved itself to partial disability as of January 24, 1992.

7. Because we hold that there was not a determination that compensation was not payable that is necessary to support reimbursement from the Fund, we need not address the Department's contention that the WCJ's consideration of Dr. Feinstein's deposition in the Fund reimbursement case was an impermissible relitigation of the suspension petition.

tion Appeal Board at No. A95–1643 bearing a mailing date of September 20, 1995, is reversed.