**COMMONWEALTH of Pennsylvania, BUREAU OF WORKERS' COMPENSATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (OLD REPUBLIC INSURANCE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 17, 1997.

Decided Feb. 20, 1997.

Shelley M. Jones, Harrisburg, for petitioner.

Mark W. Voigt, Huntingdon Valley, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

## OPINION

PELLEGRINI, Judge.

The Bureau of Workers' Compensation (Bureau) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of the Workers' Compensation Judge (WCJ) granting Old Republic Insurance Company's (Insurer) request for reimbursement from the Supersedeas Fund (Fund).

On March 21, 1989, Kathleen McLaren (Claimant) suffered a work-related injury while working for the Stroudsburg Area School District (Employer). Apparently, she began receiving benefits pursuant to a Notice of Compensation Payable.[1] On August 24, 1990, Employer filed a petition for modification of Claimant's benefits, alleging that she was capable of returning to employment as of May 11, 1990. On June 6, 1991, Employer also filed a petition to review medical expenses, contending that all of Claimant's medical treatment was not related to or necessitated by her work-related injury. Additionally, on July 24, 1991, Claimant filed a petition for commutation of compensation, seeking to commute the sum of $20,000.00.

Subsequent to the filing of all of those petitions, the parties entered into a stipulation of facts wherein they agreed that, as of August 22, 1990, Claimant was capable of returning to work at a reduced weekly wage, that Claimant remained partially disabled with a disability rate of $60.00 per week, and indicating that Claimant still sought to commute the sum of $20,000.00.[2] Based upon the stipulation of facts, a WCJ awarded Claimant's commutation of benefits, and, upon the motion of Insurer's counsel, dismissed the petition for review. Additionally, Insurer withdrew its petition for modification.

On August 8, 1991, Insurer filed an application for supersedeas fund reimbursement alleging that it was entitled to reimbursement for the excess amount of compensation paid to Claimant after August 22, 1990, the date upon which the parties had previously agreed that she was capable of returning to work at a reduced wage. The WCJ denied Insurer's application. Insurer appealed to the Board which initially affirmed the WCJ's decision. In lieu of appealing the Board's initial determination, Insurer filed a petition for reargument with the Board. Upon reconsideration, the Board revoked its previous order and reversed the WCJ's decision, allowing reimbursement from the Fund. The Bureau[3] now appeals to this Court.[4]

The Bureau's sole contention on appeal is that the stipulation of facts between Insurer and Claimant does not constitute a final determination of Claimant's benefits triggering Insurer's right to seek reimbursement from the Fund.[5] Like a supplemental agreement, the Bureau argues, a stipulation of facts is not a determination that the compensation paid to a claimant was not, in fact, payable, a prerequisite for reimbursement from the Fund. Additionally, the Bureau contends that Insurer's application for reimbursement

---

1. The Notice of Compensation Payable is not contained in the record.

2. As with the Notice of Compensation Payable, the stipulation of facts is also not contained in the record.

3. The Bureau is charged with conserving and maintaining the Fund. Act of June 2, 1915, P.L. 736, § 443, *as amended*, 77 P.S. § 999.

4. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether the findings of fact are supported by substantial evidence. *Wausau Insurance Company v. Workmen's Compensation Appeal Board (Fulton)*, 138 Pa.Cmwlth.491, 588 A.2d 592 (1991).

5. Citing to *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Co.)*, 113 Pa.Cmwlth. 607, 538 A.2d 587 (1988), Insurer initially challenges the ability of the Bureau to question the validity of the Board's decision granting reimbursement from the Fund. Insurer contends that the only grounds upon which the Bureau can base its appeal would be a challenge to the calculation of the reimbursement amount, and that it cannot challenge the validity of the underlying determination regarding Claimant's right to benefits. *Id.* This argument, however, disregards the fact that, in *Bureau of Workers' Compensation*, this Court specifically recognized the exception permitting the Bureau to appeal a decision allowing for reimbursement from the Fund on the basis that there has not been a final determination that a claimant was not, in fact, entitled to the compensation that was paid.

is based solely upon its modification petition, which it withdrew, and its petition for review, which was dismissed by the WCJ.

Section 443 of the Workers' Compensation Act, which established the Fund, provides for reimbursement to an insurer that has overpaid compensation, stating that:

> If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, *it is determined that such compensation was not, in fact, payable*, the insurer who has made such payments shall be reimbursed therefore ...

Act of June 2, 1915, P.L. 736, § 443, *as amended,* 77 P.S. § 999 (emphasis added). This Court recently interpreted Section 443 in *Department of Labor and Industry, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Old Republic Insurance Co.),* 685 A.2d 224 (Pa. Cmwlth.1996) In that case, we held that a supplemental agreement between the parties stating that a claimant's injury had resolved itself into a partial disability, and thus, an insurer had overpaid benefits to the claimant, was not an arms length or adversarial type determination required for reimbursement from the Fund under Section 443. We concluded that, absent a determination that the benefits that had been paid to the claimant were not, in fact, payable, the insurer was not entitled to reimbursement from the Fund based solely upon the outcome reached by the supplemental agreement. *Id.; see also Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America),* 101 Pa. Cmwlth. 552, 516 A.2d 1318 (1986).

6. Insurer argues that the stipulation of facts in this case differs from a supplemental agreement because it provides medically documented support for the conclusion that Claimant was only partially disabled for the period at issue in the application for reimbursement. We first note that the stipulation of facts are not of record. Even if they were, they nevertheless do not constitute a final arms length determination that Claimant was not entitled to full benefits as of August 22, 1990.

In the present case, Insurer's application for reimbursement from the fund arises solely from the parties' stipulation of facts in which they agreed that Claimant suffered only a partial disability as of August 22, 1990. Although differently named, the stipulation of facts serves the same purpose as a supplemental agreement: it is a resolution of the petition for modification via an agreement between the parties.[6] It is not an arms length or adversarial type determination by the WCJ or the Board. Because there was no such determination in the present case, Insurer is not entitled to reimbursement from the Fund under Section 443.[7]

Accordingly, the order of the Board allowing for reimbursement is reversed.

### ORDER

AND NOW, this 20th day of February, 1997, the order of the Workmen's Compensation Appeal Board at No. MISC–5679, dated June 17, 1996, is reversed.

7. In further support of this conclusion, we observe that Insurer's application for reimbursement could only be based upon a ruling in its favor on either of its two petitions. Insurer withdrew its petition for modification, and the WCJ dismissed its petition for review. Moreover, the WCJ's ruling upon Claimant's petition for commutation was not a determination required under Section 443. It was only a determination that the commutation was in the best interest of Claimant. *See* Act of June 2, 1915, P.L. 736, § 316, *as reenacted and amended,* 77 P.S. § 604.