**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR & INDUSTRY, BUREAU OF WORKERS' COMPENSATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (EXEL LOGISTICS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 2003.

Decided June 6, 2003.

Reconsideration and/or Reargument Denied July 28, 2003.

**530**

Thomas P. Howell, Harrisburg, for petitioner.

Daniel V. DiLoretto, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY JUDGE PELLEGRINI.

The Commonwealth of Pennsylvania, Department of Labor & Industry, Bureau of Workers' Compensation (Bureau) petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing the decision of the Workers' Compensation Judge (WCJ) and granting Exel Logistics' (Employer) application for supersedeas fund reimbursement.

On June 7, 1993, Employer issued a notice of compensation payable to Donald Buehler (Claimant) for a work-related injury to his right shoulder that occurred on May 19, 1993. On August 11, 1997, pursuant to Section 306(f.1)(8) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(8) [1], alleging that Claimant refused reasonable medical treatment, Employer filed a petition for forfeiture and requested a supersedeas while its petition was pending. By interlocutory order dated January 20, 1998, the WCJ denied Employer's request for a supersedeas, and, as a result, Employer continued to pay Claimant compensation and medical benefits. However, on January 12, 1999, the WCJ granted Employer's petition for forfeiture for the period of July 14, 1995 through September 30, 1998, finding that Claimant refused reasonable medical treatment during that time period.[2]

Employer then filed a petition for supersedeas fund reimbursement requesting reimbursement for $17,798.67 in compensation and $1,375.25 in medical bills paid to or on behalf of Claimant while its petition for forfeiture was pending. The Bureau, acting as conservator of the supersedeas fund, opposed the request, contending that reimbursement was not authorized in cases where compensation was ordered suspended because of a claimant's failure to seek reasonable medical treatment. Agreeing with the Bureau, the WCJ denied Employer's request for supersedeas fund reimbursement because its request for forfeiture was made pursuant to Section

---

1. Section 306(f.1)(8) of the Act provides:
    If the employe shall refuse reasonable services of health care providers, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal.

2. No appeal from that decision was taken.

306(f.1)(8) of the Act, not Section 413 of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 771–774,[3] or Section 430 of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 971.[4] Employer appealed that determination to the Board.

Concluding that Employer's request for supersedeas fund reimbursement fell within the scope of Section 430 of the Act in that it compels employers to file petitions to establish that compensation should not have been paid to a claimant, and provides that employers may seek to recoup that compensation either through the supersedeas fund or any other remedy provided for in the Act, and because Section 306(f.1)(8) of the Act does not provide such a remedy itself, the Board granted Employer's request for supersedeas fund reimbursement pursuant to Section 443(a) of the Act, Act of June 2, 1915, P.L. 736, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 999. This appeal by the Bureau followed.[5]

Because Section 443 of the Act only permits supersedeas fund reimbursement for proceedings under Section 413[6] or Section 430 of the Act, the Bureau contends that the Board erred in granting Employer's request for supersedeas fund reimbursement because it only filed a petition for forfeiture pursuant to Section 306(f.1) of the Act.

---

3. Section 413 of the Act provides:
(1) The filing of a petition to terminate, suspend or modify a notice of compensation payable or a compensation agreement or award as provided in this section shall automatically operate as a request for a supersedeas to suspend the payment of compensation fixed in the agreement or the award where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect, which is based upon an examination made within twenty-one days of the filing of the petition. A special supersedeas hearing before a workers' compensation judge shall be held within twenty-one days of the assignment of such petition.
* * *
(2) In any other case, a petition to terminate, suspend or modify a compensation agreement or other payment arrangement or award as provided in this section shall not automatically operate as a supersedeas but may be designated as a request for a supersedeas, which may then be granted at the discretion of the workers' compensation judge hearing the case.
77 P.S. § 774.

4. Section 430 of the Act provides, in relevant part:
(a) The lien of any judgment entered upon any award shall not be divested by any appeal.

(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.
77 P.S. § 971(b).

5. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were made, or findings of fact are not supported by substantial evidence. *Bureau of Workmen's Compensation v. Workmen's Compensation Appeal Board (Bethlehem Steel Corporation),* 723 A.2d 1061 (Pa. Cmwlth.1999).

6. Employer contends that it met all of the requirements, including the requirement that the request must have been made in a proceeding under Section 413 of the Act. Specifically, it alleges "[t]here is no dispute that the Respondent filed a suspension petition on August 11, 1997." (Brief of Respondent at 17.) However, Employer did not file a suspension petition pursuant to Section 413 of the Act; instead, it filed a petition for forfeiture of benefits pursuant to Section 306(f.1)(8) of the Act seeking to cease payment of ongoing disability benefits due to Claimant's refusal of reasonable medical services.

Section 443 of the Act provides for reimbursement from the Supersedeas Fund only:

> If, in any case in which a supersedeas has been requested and denied *under the provisions of section 413 or section 430,* payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact payable, the insurer who has made such payments shall be reimbursed therefor.

77 P.S. § 999. (Emphasis added.) [7]

Sections 413 and 430 of the Act both involve the obligation of an employer to pay benefits when an employer is attempting to modify benefits or a claimant is awarded benefits. Under Section 413 of the Act, the filing of a petition to terminate, suspend or modify a notice of compensation payable, compensation agreement or award may operate as a request for a supersedeas to suspend the payment of compensation fixed in the agreement or award, depending on whether the petition alleges the claimant has fully recovered. In that situation, if it is accompanied by an affidavit of a physician based on a physical examination within the 21 days prior to the petition being filed, the petition automatically operates as a request for supersedeas. In any other case, the petition does not automatically operate as a supersedeas but may be designated as a request for a supersedeas which is granted at the discretion of the WCJ. While Section 413 deals with what occurs when an employer files a petition to modify compensation already being paid, Section 430 of the Act deals with an adverse ruling to the employer after the WCJ or the Board awards benefits. In such a situation, the filing of an appeal from a WCJ's or Board's decision granting benefits does not lift the "lien of judgment" or operate as a supersedeas. Instead, the employer must file a petition for supersedeas and must continue paying benefits pursuant to the WCJ's decision until such time that a request for a supersedeas is granted.

Taken together, Sections 413 and 430 of the Act provide the necessary mechanism by which an employer may seek a supersedeas from paying benefits it is required to pay either pursuant to a notice of compensation payable, compensation agreement or claim petition at the time that it files a termination, suspension or modification petition before the WCJ, or pursuant to an adverse decision by the WCJ or Board while it appeals that the decision to the Board or this Court. Consequently then, because Section 443 of the Act only provides for reimbursement from the supersedeas fund where a request for supersedeas has been denied under the provisions of Section 413 or Section 430, such reimbursement is permitted only in cases involving a claimant's eligibility to receive workers' compensation benefits.

In this case, Employer filed a petition for forfeiture of compensation benefits

---

7. In order to obtain reimbursement from the supersedeas fund, this Court has consistently required that (1) a supersedeas must have been requested; (2) the request for supersedeas must have been denied; (3) the request must have been made in a proceeding under Section 413 of the Act; (4) payments were continued because of the order denying the supersedeas; and (5) in the final outcome of the proceedings, it be determined that such compensation was not, in fact, payable. *See* *Wausau Insurance Company v. Workmen's Compensation Appeal Board (Fulton),* 138 Pa. Cmwlth.491, 588 A.2d 592 (1991); *Bureau of Workmen's Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company),* 113 Pa.Cmwlth.607, 538 A.2d 587 (1988); *Bureau of Workmen's Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America),* 101 Pa.Cmwlth.552, 516 A.2d 1318 (1986).

pursuant to Section 306(f.1)(8) because Claimant refused to undergo reasonable medical treatment. Section 306(f.1)(8) provides that an employee who refuses reasonable medical treatment shall forfeit all rights to compensation for any injury or increase in his incapacity shown to have resulted from such refusal. Under this provision, an employee's forfeiture of benefits is not based upon his ineligibility to receive benefits or an employer's obligation to pay benefits due to a change in the claimant's disability or status like a termination, suspension or modification petition filed pursuant to Section 413 of the Act, but instead, seeks only to penalize the employee for his failure to accept reasonable treatment in an effort to aid in the recovery of his work-related injury.

Because neither Section 306(f.1)(8) of the Act nor Section 443 of the Act provides for supersedeas fund reimbursement to an employer who succeeds on a petition for forfeiture filed pursuant to Section 306(f.1)(8) of the Act, the Board erred in granting Employer's request for supersedeas fund reimbursement. Accordingly, the order of the Workers' Compensation Appeal Board is reversed and the decision of the WCJ is reinstated.

### ORDER

AND NOW, this 6th day of June, 2003, the order of the Workers' Compensation Appeal Board, No. A01-3543, dated December 24, 2002, is reversed.

Dissenting opinion by Judge COHN.

1. A related case was filed concomitantly. *See ADIA Personnel Agency v. Workmen's Compensation Appeal Board (Coleman),* 137 Pa. Cmwlth.405, 586 A.2d 507 (1991), *petition for allowance of appeal denied,* 528 Pa. 624, 597 A.2d 1154 (1991).

2. As phrased by Judge Craig in *Commercial Union:*
   On appeal we have a question of first impression on an issue which has far-reaching

JUDGE COHN DISSENTING.

With all due respect to the majority, I dissent.

I do not disagree with the majority's recitation of the facts, the applicable statutory law or the statutory language. I believe, however, that the majority does not discuss or apply existing precedent that addresses the issue of whether an employer can receive reimbursement from the supersedeas fund under Section 306(f) of the Act. In *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Commercial Union Insurance Co.),* 137 Pa.Cmwlth.387, 586 A.2d 496 (1991), *affirmed per curiam,* 533 Pa. 112, 619 A.2d 1356 (1993), (*Commercial Union*) and *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press),* 137 Pa.Cmwlth.393, 586 A.2d 500 (1991), *affirmed per curiam,* 533 Pa. 112, 619 A.2d 1356 (1993), (*INA*), the issue was whether the word "compensation" in Section 443 of the Act included medical expenses.[1] The *reason* for the inquiry was to determine whether reimbursement from the supersedeas fund for medical fees sought under Section 306(f) was permissible.[2]

At that time, Section 306(f) of the Act, 77 P.S. § 531, read:

(ii) The employer shall have the right to petition the department for review of the necessity or frequency of treatment

consequences. We must decide the question of whether medical expenses, that have been paid out and that are ultimately determined to have been paid in error because they were unreasonable or unnecessary, are "compensation" which can be reimbursed from the supersedeas fund.
*Id.* at 497–98.

or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection.

Relying on the "common sense approach" that must be taken when deciding questions of first impression, we stated:

We can perceive no valid reason for holding that an insurer can recover work loss benefits but cannot recover medical expenses when it is ultimately decided that neither should have been paid. This conclusion is buttressed by the fact that the Supersedeas Fund consists solely of payments made by insurers and self-insurers within the Commonwealth. Furthermore, the assessments by which the insurers and self insurers provide money for the Supersedeas Fund, the Subsequent Injury Fund and the Administration Fund are based, in part, upon medical expenses.

*INA*, 586 A.2d at 502 (relying on *Haley to Use of Martin v. Matthews*, 104 Pa.Super. 313, 158 A. 645 (1932)). This specific reasoning was also adopted by Judge Craig in *Commercial Union.*

While the holdings of these two cases are not exactly on point with the matter presently before us, in both instances it was acknowledged that there was no precise authorization for payment from the supersedeas fund where the claim was one brought by the employer under Section 306(f) for medical expenses. Nonetheless, the Court read the statute liberally to reach a just result and found that such reimbursement was permissible under Section 306. In my view, we should follow these cases to their logical extension and hold that reimbursement under Section 306 is also permissible in matters involving the forfeiture provision of that Section. Since it was the action of Claimant, here, that caused the forfeiture, the "common sense approach" dictates that we do not penalize Employer by compelling it to wait for future crediting opportunities that may or may not arise.

In *Sears Roebuck & Co. v. Workers' Compensation Appeal Board (Lear)*, 707 A.2d 618 (Pa.Cmwlth.1998), we decided a case which, in my view, is procedurally similar to the matter *sub judice.* Interestingly, there, the employer filed a petition to suspend benefits arguing that, because Claimant refused reasonable medical treatment, his benefits should be forfeited under the prior version of the forfeiture petition, which, for our purposes here, was the same as it is now. Employer sought and was granted a supersedeas. While the efficacy of the supersedeas was not raised on appeal there, the case is one indication that supersedeas petitions in cases such as this one have been granted by WCJs and the Board for more than a decade and we have not yet been asked to review this question. This leads me to conclude that, as a practical matter, the "system" is working.

Based on these reasons, I would affirm the Board.