CARROLL CONTRACTORS, INC., Keith Heilman & Bruce Bachman, Petitioners,

v.

DEPARTMENT OF LABOR and INDUSTRY, Bureau of Workers' Compensation, Respondent.

BUREAU OF WORKERS' COMPENSATION, Petitioner,

v.

DEPARTMENT OF LABOR and INDUSTRY, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1997.

Decided March 5, 1997.

---

Richard C. Senker, Norristown, for petitioners.

Catherine N. Bonnin, Assistant Counsel, Harrisburg, for respondent.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

## OPINION

FRIEDMAN, Judge.

Carroll Contractors, Inc. (Employer), Keith Heilman (Heilman) and Bruce Bachman (Bachman) (collectively, Petitioners) appeal from an order of the Secretary of the Department of Labor and Industry (Department) accepting the recommendation of a Presiding Officer to deny Petitioners a religious exception under section 304.2 of the Workers' Compensation Act (Act).[1] The Presiding Officer, after a hearing, made the following findings of fact.

Heilman and Bachman work for Employer; both employ assistants to perform their work duties. Employer provides workers' compensation coverage for Heilman, Bachman and their assistants (collectively, Employees). (Presiding Officer's Findings of Fact, Nos. 1–4.)

Employees are devout members and followers of the tenets and teachings of the First Century Gospel Church (Church). As such, they are opposed to any kind of public or private insurance benefits. Neither Heilman nor Bachman know of any member of the Church who has accepted public or private insurance benefits while official members of the Church. (Presiding Officer's Findings of Fact, Nos. 5–7.)

Members of the Church anonymously contribute money and food to their dependent members. However, the members do not guarantee or assure that they can provide support for their dependent members on a consistent basis. Moreover, the record does not indicate that the Church has assisted its members with money and food for a considerable number of years. (Presiding Officer's Findings of Fact, Nos. 8–10.)

■ The Presiding Officer concluded that Employer met its burden of proof under section 304.2(c)(i) because, in accordance with the teachings of the Church, Employees conscientiously oppose acceptance of benefits from any public or private insurance plan. However, the Presiding Officer also concluded that Employer failed to demonstrate, as required by section 304.2(c)(ii) of the Act, that the Church made provision for its dependent members for a substantial number of years. (Presiding Officer's Conclusions of Law, Nos. 2–4.) As a result, the Presiding Officer recommended that the Department deny the request for a religious exception. The Department accepted the recommendation and issued an appropriate order.

■ On appeal to this court,[2] Petitioners argue that the Department erred as a matter

---

1. Section 304.2 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, added by section 1 of the Act of November 26, 1978, P.L. 1322, 77 P.S. § 484 (emphasis added), provides in pertinent part as follows:

   (a) An employer may file an application with the [Department] to be excepted from the provisions of this act in respect to certain employes. The application shall include a written waiver by the employe of all benefits under the act and an affidavit by the employe that he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any public or private insurance which makes payments in the event of death, disability, old age or retirement or makes payments toward the cost of, or provides services for medical bills (including the benefits of any insurance system estab-

   lished by the Federal Social Security Act 42 U.S.C. 301 et seq.).
   (b) The waiver and affidavit ... shall be made upon a form to be provided by the [Department].
   (c) Such application shall be granted if the [Department] shall find that (i) the employe is a member of a sect or division having the established tenets or teachings ...; (ii) *it is the practice, and has been for a substantial number of years, for members of such sect or division thereof to make provision for their dependent members which in its judgment is reasonable in view of their general level of living.* Receipt of a form required by subsection (b) shall be considered prima facie proof that this subsection has been complied with.

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law committed, or whether the findings

of law in denying their request for a religious exception. Petitioners contend that, by submitting a waiver and affidavit as required by sections 304.2(a) and 304.2(b) of the Act, Petitioners provided prima facie proof under section 304.2(c) of the Act that the Church has made reasonable provision for its dependent members for a substantial number of years, and, because the Department presented no evidence in rebuttal, the Department must grant Petitioners the religious exception. We agree.

Section 304.2(a) of the Act states that an employer may apply for a religious exception by submitting to the Department a written waiver of benefits by the employee and an affidavit from the employee concerning the employee's conscientious opposition to the receipt of public or private insurance benefits. Section 304.2(b) of the Act requires that the waiver and affidavit be made upon a form provided by the Department.

Section 304.2(c) of the Act provides that the application shall be granted if the Department finds that: (1) the employee is a member of a sect which teaches opposition to the receipt of public or private insurance benefits; and (2) the sect has made reasonable provision for its dependent members for a substantial number of years. Section 304.2(c) further provides that *receipt of the form required in section 304.2(b) is prima facie proof of compliance with section 304.2(c) of the Act.*

■ In this case, the Department received the form required by section 304.2(b) of the Act.[3] Therefore, Petitioners have made a prima facie case for entitlement to a religious exception.[4] In the absence of evidence to rebut or contradict such evidence, the Department must grant the religious exception.[5]

■ The Department maintains that the Church's Statement of Beliefs [6] and the testi-

---

of fact are supported by substantial evidence. *Wausau Insurance Co. v. Workmen's Compensation Appeal Board (Fulton),* 138 Pa.Cmwlth. 491, 588 A.2d 592 (1991).

**3.** According to Stipulation of Fact, No. 9, all applicants submitted the proper paper work, verifications and affidavits to the Department. Moreover, the record contains a letter from the Department to the Church acknowledging receipt of the application on official form LIBC–14A. (O.R., *Letter of October 13, 1994.*)

**4.** We note that, on their application, Petitioners stated that their religious sect does *not* provide for injured or deceased members and their families. However, Petitioners then indicated on the form that the sect has "done so" for at least twenty-five years. (R.R. at 19a.) At oral argument, when questioned about the apparent contradiction, Petitioners explained that, according to their religious convictions, it is *God* who provides for injured or deceased members and their families, and that *God* has done so for at least twenty-five years. Thus, Petitioners' application is prima facie evidence that, through the Church's program of anonymous giving, reasonable provision has been made for its dependent members for a substantial number of years.

**5.** Prima facie evidence is evidence which is good and sufficient on its face, and

> such evidence ..., in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which if not rebutted or contradicted, will remain sufficient.

Black's Law Dictionary 1071 (5th ed. 1979). Thus, the Presiding Officer clearly erred in shifting the burden of proof to Employer in this case.

**6.** The Statement of Beliefs includes the following:

> We believe that it is necessary for every true Christian to trust God alone for their physical healing without the use of medicine, drugs, or human remedies; and rejecting the intervention of a doctor or the medical profession. Another basic policy is trusting God for financial support, both personal and for the church. The church and its members do not ask for donations, nor do they make their financial needs known to any human being, or even making the slightest implication that they are in need of funds.
> Basis for this belief is Philippians 4:6,19, "Do not be anxious about anything, but in everything, by prayer and petition, with thanksgiving, present your requests to God. And my God will meet all your needs according to his glorious riches in Christ Jesus."
> The church teaches not to purchase nor sign insurance policies for their financial protection. In regard to homes and automobiles, the advice is to rent them, and thus giving the responsibility to financially protect that investment, to the owner. God alone is depended on to protect us from financial loss or hardship, and to provide our needs on a day-to-day basis.
> ....
> Another essential belief of the church is to rent the building in which to hold church services, and it teaches the members to do likewise; to rent individual homes or any land that would be used for farming or other uses.

mony of Heilman and Bachman rebut Employer's prima facie evidence. In particular, the Department asserts: (1) because the Church does not *require* member contributions, it cannot *guarantee* financial assistance;[7] (2) because the Church expends all of its monies each month, it has no monetary reserves; (3) because Church members do not make their needs known to others,[8] the Church cannot provide for them; and (4) because the Church and its members do not own property, the Church has no property for the support of its dependent members. (Department's brief at 12–13.)

 However, none of this evidence rebuts the presumption that the Church, through its program of anonymous giving, has made reasonable provision for its dependent members for a substantial number of years. Section 304.2(c)(ii) requires that the Department grant a religious exception when, in the *past,* the church has reasonably

provided for its dependent members. Moreover, section 304.2(c)(ii) does not permit the Department to speculate about the reliability of a particular church's system for providing for its dependent members. Rather, the Department, in order to rebut the statutory presumption, must demonstrate that this Church has *not* made reasonable provision for its dependent members for a substantial number of years. Because the Department has failed to meet this burden, we reverse.[9]

### ORDER

AND NOW, this 5th day of March, 1997, the order of the Secretary of the Department of Labor and Industry, dated March 19, 1996, is reversed.

---

The members believe that we should not own real estate here on earth nor to own any other large and/or expensive personal property or possessions that could possibly be considered "treasure," or which could, in some way, financially protect them in an emergency.
Basis for belief, not to have treasure laid up here on earth according to Matthew 6:19–20, "Do not store up for yourselves treasures on earth, where moth and rust destroy, and where thieves break in and steal. But store up for yourselves treasures in heaven, where moth and rust do not destroy, and where thieves do not break in and steal."
Acts 4:34–35, "There were no needy persons among them. For from time to time those who owned lands or houses sold them, brought the money from the sales and put it at the apostles' feet, and it was distributed to anyone as he had need."
Luke 12:33–34, "Sell your possessions and give to the poor. Provide purses for yourselves that will not wear out, a treasure in heaven that will not be exhausted, where no thief comes near and no moth destroys. For where your treasure is, there your heart will be also."
(O.R. Defendant's Exh. 3.)

7. The Presiding Officer concluded that, in addition to the requirements of section 304.2(c), the Church must *guarantee* financial assistance to its dependent members in order to qualify for the religious exception. The Presiding Officer based this conclusion on federal law governing religious exceptions for social security. However, the plain language of the statute does not require such a guarantee. Moreover, in relying on federal law, the Presiding Officer ignored the fact that the federal authorities *granted* a religious exception to the employees here. (R.R. at 21a, 25a–26a, 29a–30a, 33a.)

8. However, everyone in the Church knows everyone else, and members of the Church only associate with other members of the Church. Therefore, someone would know whether a Church member was in need. (N.T. at 131–32.)

9. The Bureau of Workers' Compensation (Bureau) also filed an appeal in this case, and the appeal was consolidated with that of Petitioners for purposes of our review. Having considered the Bureau's arguments, we find no merit in them.

First, the Bureau argues that the record lacks substantial evidence to support the finding that Employer provided workers' compensation coverage for Heilman and Bachman; however, Employer credibly testified that it provides such coverage. (N.T. at 30, 36–49.)
The Bureau also argues that the record does not contain substantial evidence to support the finding that Heilman and Bachman are "employees." To determine whether a person is an "employee" in a workers' compensation case, the key element is whether the alleged employer has the right to control the work to be done and the manner in which it is performed. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express),* 158 Pa.Cmwlth.76, 631 A.2d 693 (1993), *appeal denied,* 537 Pa. 613, 641 A.2d 313 (1994). Here, Employer credibly testified that it controls the work done by Heilman and Bachman on a day-to-day basis, and that Employer explains to both the specific tasks that need to be accomplished. (N.T. at 33, 50–51.)